UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

REBECCA MALLETT,
        Plaintiff                      :     CIVIL ACTION NO.

VS.                                       :    3:09CV2004PCD

THE GILMAN BROTHERS COMPANY
        Defendant                   :     December 5, 2009

## COMPLAINT

This is an action seeking damages and other relief against The Gilman Brothers Company under the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq., as amended by the Equal Pay Act, 29 U.S.C. §206(d); and under the Connecticut Equal Pay Act, Conn. Gen. Stat. §31-75 et seq.

### JURISDICTION

1. Jurisdiction of this court is invoked under the provisions of 28 U.S.C. §1331, and 1343(3). The supplemental jurisdiction of this court is invoked pursuant to 28 U.S.C. §1367.

### THE PARTIES

2. Plaintiff, Rebecca Mallett, is a resident of Salem, Connecticut and was employed by defendant as an Inside Sales Representative.

3. The defendant The Gilman Brothers Company is a foamboard manufacturing company engaged in the production of goods for commerce and is located at Gilman Road, Gilman, CT 06336.

## **FACTS**

4. Plaintiff, Rebecca Mallett, is a female.

5. The Defendant, The Gilman Brothers Company, employs more than 15 people.

6. Plaintiff was employed full time by the Respondent as an Inside Sales Representative beginning in May, 2006.

7. Plaintiff was one of three Inside Sales Representatives. The other two were male. Joe Rossi was hired in August, 2005, and was eventually promoted to Senior Inside Sales Representative. Rick Perras was hired in April, 2007. The advertisement on Career Builder for Perras' position listed the salary at $4,000 more annually than plaintiff was earning.

8. When plaintiff saw the advertisement, she and Joe Rossi went to Joe Menhard, Inside Sales Manager, about the disparity in pay between what plaintiff was earning and what was being advertised. Mr. Menhard said it was "a typo".

9. Mr. Perras gave his two week notice in April, 2009. He later decided to stay, and, upon information and belief, was induced to stay with a higher salary. Mr. Perras does not have a degree. Plaintiff has an Associates Degree.

10. In May, 2009, Plaintiff approached Phil Gray, the National Sales Manager, again requesting a raise, and he said that "due to the economy we are not giving out raises." Plaintiff asked if she should go to the Vice President or the Controller and he said that he

would "strongly advise against that." Plaintiff then requested a meeting anyway with Mr. Gray and the Controller to discuss the disparity in pay. The Controller did not come to the meeting, and plaintiff was never given a raise. During this process, Plaintiff also asked for a review.

11. Between May and September, 2009, Plaintiff also questioned disparities in how she was treated relative to her male counterparts in terms of lunch hours and other workplace policies. During the week before her termination, she requested sales production reports to evaluate how her performance compared to her male counterparts in terms of productivity.

12. On September 4, 2009, plaintiff was abruptly terminated, and told that "your attitude has been negative". At the time of her termination, she was earning $15.90 an hour.

13. Other than one verbal warning for misquoting a job in late 2008, she had never been disciplined before and had good performance reviews.

**COUNT ONE** (Violation of Equal Pay Act 29 U.S.C. §206(d))

14. Paragraph 1-13 are incorporated by reference as if fully set forth herein.

15. Defendant is an entity engaged in the production of goods for commerce.

16. Defendant paid higher wages to male Inside Sales Representatives than females in that position, in particular the plaintiff.

17. Plaintiff performed equal work in the job which required equal skill, effort, and

3

responsibility and performed under similar working conditions.

18. Defendant has violated the Equal Pay Act by repeatedly and willfully paying higher wages to male employees doing the same job as the plaintiff.

19. As a result of defendant's conduct, plaintiff suffered damages.

**COUNT TWO** (Violation of the Connecticut Equal Pay Act, Conn. Gen. Stat. §31-75, 76)

20. Paragraph 1-13 are incorporated by reference as if fully set forth herein.

21. Defendant paid higher wages to male Inside Sales Representatives than females in that position, in particular the plaintiff.

22. Plaintiff performed equal work in the job which required equal skill, effort, and responsibility and performed under similar working conditions.

23. Defendant has violated the Connecticut Equal Pay Act by repeatedly and intentionally, or with reckless indifference to the employee's rights, paying higher wages to male employees doing the same job as the plaintiff.

24. As a result of defendant's conduct, plaintiff suffered damages.

**COUNT THREE** (Retaliation under the Connecticut Equal Pay Act, Conn. Gen. Stat. §31-75b)

25. Paragraph 1-13 are incorporated by reference as if fully set forth herein.

26. Plaintiff opposed a discriminatory compensation practice.

27. Defendant knew that plaintiff had opposed a discriminatory compensation practice.

28. Plaintiff was terminated because of the protected conduct.

29. As a result of the conduct of Defendant, plaintiff has suffered damages.

**WHEREFORE**, plaintiff claims judgment against the defendant as follows:

1. Differential in wages and interest thereon together with an equal amount as liquidated damages;

2. Compensatory damages;

3. Punitive damages;

4. Attorney's fees and costs;

5. Such other relief as the Court deems proper.

### JURY DEMAND

The plaintiff demands a trial by jury.

                                **THE PLAINTIFF, REBECCA MALLETT**

*/s/ Barbara E. Gardner*
Barbara E. Gardner, Esq. CT07623
843 Main Street, Suite 1-4
Manchester, CT 06040
Telephone: (860) 643-5543
Fax: (860) 645-9554
E-mail: bg@bgardnerlaw.com